PER CURIAM.
The final judgment piercing the corporate veil and finding Osvaldo Moran (Moran) personally responsible to pay a judgment the Schurgers had obtained against Osvaldo Moran Associates, Inc. (Corporation) is reversed because the trial court specifically found that there was no intent by Moran to defraud or mislead anyone, and that the Corporation was not organized or used by Moran to mislead creditors or to perpetrate a fraud upon them. See Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla.1984); Mason, v. E. Speer & Associates, Inc., 846 So.2d 529 *1185 (Fla. 4th DCA 2003); Lipsig v. Ramlawi, 760 So.2d 170 (Fla. 3d DCA 2000); Hilton Oil Transport v. Oil Transport Co. S.A., 659 So.2d 1141, 1152 (Fla. 3d DCA 1995); Veritas Marketing and Research, Inc. v. Entertel, Inc., 641 So.2d 513 (Fla. 5th DCA 1994). See also Resolution Trust Carp. v. Latham & Watkins, 909 F.Supp. 923, 931 (S.D.N.Y.1995)(analyzing Florida law)(“Absent proof of intentionally fraudulent conduct, courts simply do not pierce the corporate veil under Florida law.”).
Additionally, the judgment appealed from premised the imposition of liability upon Moran on a finding that the Corporation was operated by Moran in a manner which violated Section 726.106(2), Florida Statutes (1993) which provides:
A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.
Under Section 726.110(3), Florida Statutes(“Extinguishment of cause of action”) a claim under Section 726.106(2) is extinguished unless brought within one year after the transfer was made. The record shows that this action was brought long after the expiration of that time period, and the claim against Moran under Section 726.106(2) is extinguished.
The judgment appealed from is reversed and this matter is remanded with directions that it be dismissed.